### 7405

#### BARNES v. BENNETT.

1. REAL PROPERTY—FRAUD.—DEED set aside for misrepresentation and
   fraud.
2. REHEARING refused.

Before GAGE, J., Colleton, February, 1908. Reversed.

Action by Susan E. Barnes against Abraham Bennett.
From Circuit decree, plaintiff appeals. The Circuit decree is:

"The plaintiff's testimony tend to make out this case:

"That the 25 acres of land in issue really belonged in
the early nineties to her sister, Selina Harrison, that plaintiff
gave it to her, but never made a deed; that defendant, who
was plaintiff's neighbor, came to plaintiff and told her he
had been to Georgia, had seen Selina, bought the land from
her and paid her for it, and that Selina desired the plaintiff
to make title to the defendant and not to her, Selina; that
this was all untrue, and that defendant did and said these
things with a fraudulent intent; that plaintiff relied upon
him and made the deed; that about five years thereafter,
plaintiff discovered she had been deceived, and she then
brought this action to set aside the deed and have back the 25
acres of land.

"The master heard and reported the testimony, and he
has sustained the plaintiff's contention.

"I cannot concur with the master's conclusion.

"The complaint ought not to be sustained unless the proof
of fraud is clear and convincing. The testimony shows, that

the plaintiff and her witnesses are ignorant people. At the time of the transaction, 1893, the plaintiff was less than forty years of age. The land was then worth less than $125; it is now worth more than $1,000. In fourteen years two railroads have been built so that they cross on this land. The plaintiff waited nearly six years to bring her suit, after she discovered the alleged fraudulent conduct of the defendant.

"The defendant is a man of large means, he owns three thousand acres of land; he too is an uneducated man. This is the setting of the case.

"The plaintiff's case rests upon her testimony and that of Selina and Selina's husband, and the plaintiff's husband. The contention is that they, the Harrisons, went to Georgia in 1890, and that Bennett visited them there in 1895, the year of the Atlanta Exposition; and that Bennett made the fraudulent representation to plaintiff after that year. There is in evidence a letter to the defendant from W. R. Harrison, the husband of Selina. That letter is dated May 25, 1895, at Oak Ridge, Georgia, and it directs defendant how he may reach the Harrisons. The deed in issue had been executed two years before that time. Here is the language of the plaintiff: 'He (Bennett) said he had been to Georgia, had seen my sister, and paid her for the land.' It is plain the defendant had not been to Georgia when he is alleged to have made this declaration to the plaintiff.

"Another circumstance discredits the testimony of plaintiff. She denied in her first examination that she had ever had a law suit with Selina. In that she is flatly contradicted by Mrs. Harrison and by Mr. Griffin and by the record. The testimony shows that when Selina Harrison left for Georgia she and the plaintiff were not on speaking terms. Selina testified 'we were mad with each other then.'

"Again Mrs. Barnes testified she gave the 25 acres in issue to Selina in 1890, 'it was hers to do as she pleased.'

"On the other hand Selina testified 'I did not know then that Mrs. Barnes intended to give me 25 acres of land.' Indeed, according to the testimony of the plaintiff, the land in issue belongs if not to the defendant, then to Mrs. Selina Harrison; the plaintiff testified that she did everything, but made a deed to it, to confer it upon Selina. According to her contention, the defendant has wronged not her, but her sister, the real beneficiary. So much for the testimony of the plaintiff.

"The testimony of the defendant and his witnesses creates so much doubt about the truth of the transaction, that I have no hesitancy about my duty in the premises.

"I am of the opinion that the complaint ought to be dismissed.

"It is so ordered."

*Messrs. J. M. Walker, Howell & Gruber* and *C. C. Tracy,* for appellant.

*Messrs. W. D. Bennett* and *J. G. Padgett,* contra.

The opinion was filed July 26, but on petition for rehearing, remittur was stayed until

December 14, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action to set aside a deed for misrepresentation and fraud.

After a most careful consideration of the testimony, we have reached the conclusion, that the findings of fact by the master are sustained by the decided weight of evidence, and that his Honor, the Circuit Judge, erred in dismissing the complaint.

27—84

It is the judgment of this Court that the judgment of the Circuit Court be reversed, and that the said deed be delivered to the clerk of the Circuit Court for cancellation.

MR. JUSTICE HYDRICK *did not sit in this case.*

December 14, 1909.   PER CURIAM.   After careful consideration of the petition herein this Court is satisfied that no material question of law or of fact has either been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and that the order heretofore granted staying the remittur be revoked.